**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| MARYKATHLEEN BRANWELL and COREY JACK WARD, | |
| **Plaintiffs.** | **CASE NO. 1:26-CV-00155** |
| **v.** | **DEMAND FOR JURY TRIAL** |
| CARLOS PRECIADO, | |
| **Defendants.** | |

## COMPLAINT

COME NOW Plaintiffs Corey Jack Ward and Mary Kathleen Branwell ("Plaintiffs"), by and through counsel, and for its Complaint against Defendant Carlos Preciado ("Defendant") states as follows:

### PARTIES

1. Plaintiff Corey Jack Ward is an individual residing in and a citizen of Rossville, Walker County, Georgia.

2. Plaintiff Mary Kathleen Branwell is an individual residing in and a citizen of Rossville, Walker County, Georgia.

**3.** Defendant Carlos Preciado is an individual residing in and a citizen of Chattanooga, Hamilton County, Tennessee.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332 because (a) Plaintiffs are citizens of Georgia and Defendant is a citizen of Tennessee and (b) the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in Hamilton County, Tennessee.

## FACTUAL BACKGROUND

6. On April 14, 2023, Plaintiffs and Defendant entered into a Purchase and Sale Agreement (the "Agreement") wherein Plaintiffs agreed to buy and Defendant agreed to sell the real property located at 2 Williams Lane, Rossville, Walker County, Georgia (the "Property"). A true and correct copy of the Agreement, including exhibits and amendment, is attached hereto as Exhibit 1.

7. The Agreement provided a due diligence period of ten (10) days. Ex. 1 at Section 8(f).

8. The Agreement provided a Seller's Duty Disclose: "Seller shall disclose to Buyer any and all known latent or hidden defects that could not discovered by the Buyer during a reasonably careful inspection." Ex. 1 at Section 8(g).

9. Plaintiffs engaged a professional inspector, who conducted a reasonably careful inspection on April 19, 2023, during the due diligence period.

10. Upon review of the inspection report, Plaintiffs requested repair work in response to issues identified by the professional inspector.

11. The report provided by the professional inspector included, among other things, inspection and report on the interior and exterior walls, floor conditions, and crawlspace conditions.

12. The Property transferred from Defendant to Plaintiffs on or before May 30, 2023.

13. In early 2025, Plaintiffs noticed that the flooring of the residence at the Property (the "Home") was separating and significantly sloping downward from the dining room toward the front of the residence.

14. Additionally in early 2025, Plaintiffs noticed a vertical crack in the drywall in the dining room of the Home.

15. Subsequent to these discoveries, Plaintiffs engaged professionals to inspect the home again in 2025.

16. As a result of the 2025 inspection of the Home, Plaintiffs were informed that the home contained latent defects, including but not limited to:

     a. No foundation on the back wall of the house

     b. Front two bedrooms sitting directly on dirt

     c. Multiple layers of subfloor, where original subfloor spans 24 inch centers (rather than 16 inch) and the original subfloor rotten and mold present

     d. Mold present on the new layer of subfloor

     e. Garder support beams rotten, broken, and mold present

     f. Rotten joists spanning 24 inch centers (rather than 16 inch)

17. Plaintiffs subsequently obtained estimates for repairing the latent defects to the home, equaling the amount of $89,500.00 for the repair work.

18. Upon information and belief, Defendant is engaged in the business of purchasing and "flipping" homes.

19. Defendant performed or caused to perform renovations on the Property during the period Defendant owned the Property and prior to the sale of the Property to Plaintiffs.

20. During the course of having the Property assessed for repair in 2025s, Plaintiffs learned for the first time that the Property had been inspected by the Walker County Board of Assessors prior to the execution of the purchase contract between Plaintiffs and Defendant.

21. In November 2022, Defendant was notified by the Walker County Board of Assessors that the home had rotten floors throughout the Property.

22. In January 2023, before the home was listed for sale, and in March 2023, at the time the house was listed, the Walker County Board of Assessors' inspector returned to the Property to recheck the home, ultimately signing off on the home as finished in March 2023..

23. Plaintiffs aver that the Defendant knew of the rotten flooring, but did not repair nor replace the rotten floors. Instead, the Defendant intentionally covered up and hid the floors with the vinyl floor covering; failed to disclose the rotten condition of the floors; and intentionally concealed the defective condition from Plaintiffs and their inspector, as well as from the inspector for the Walker County Board of Assessors.

### COUNT I: BREACH OF CONTRACT

24. Plaintiffs reallege and incorporates herein Paragraphs 1-23 above.

25. Plaintiffs and Defendant had a legally binding agreement that placed a duty upon the Defendant to disclose hidden or latent defects. Ex. 1

26. Prior to the sale of the home in 2023, Defendant was aware of the hidden or latent defects in the Property that were only discovered by Plaintiffs in 2025.

27. The hidden or latent defects in the Property that were discovered by Plaintiffs in 2025 could not have been discovered by Plaintiffs prior to closing as a result of reasonably careful inspection.

28. Defendant did not disclose the hidden or latent defects at the Property, resulting in a breach of the Agreement.

29. Plaintiffs have been harmed by Defendant's breach.

30. On February 18, 2026, Plaintiffs notified Defendant, via letter sent certified mail by counsel, of Defendant's breach.

31. The February 18, 2026 letter was delivered and signed for at Defendant's address.

32. After notification of the breach and before the filing of this suit, Defendant had an opportunity to cure the breach.

33. As of the date of the filing of this original complaint, Defendant has not responded to the February 18, 2026.

34. Plaintiffs are entitled to damages resulting from Defendant's breach in the amount of eighty nine thousand five hundred dollars ($89,500.00).

35. Plaintiffs are entitled to attorney's fees and expenses pursuant to Section C(2)(d) of the Agreement. Section C(2)(d) of the Agreement provides:

> In any litigation or arbitration arising out of this Agreement, including but not limited to breach of contract claims between Buyer and Seller and commission claims brought by a broker, the non-prevailing party shall be liable to the prevailing party for its reasonable attorney's fees and expenses. (Ex. 1)

## COUNT III: FRAUD

36. Plaintiffs reallege and incorporates herein Paragraphs 1-35 above.

37. Defendant was aware of the hidden or latent material defects in the Property that were discovered by Plaintiffs in 2025.

38. After being made aware of the defects in the Property, Defendant fraudulently concealed the defects with new work that prevented Plaintiffs from discovering the defects through reasonably careful inspection.

39. Specifically, Plaintiffs aver that the Defendant knew of the existing rotten condition of the floors and misrepresented this existing condition by intentionally covering up and not disclosing the condition.

40. Plaintiffs aver that the existence of the rotten floors was a material item to the purchase of the house.

41. Plaintiffs aver that the Defendant had a duty to disclose known material, defects or conditions of the house to the Plaintiffs.

42. Defendant failed to do so and affirmatively literally "covered it up" and intentionally concealed it from the Plaintiffs and their inspector in 2023.

43. Plaintiffs justifiably relied to their detriment upon the misrepresentation of the condition of the home, including of the floors and foundation.

44. Plaintiffs have been harmed by Defendant's deception.

45. Plaintiffs are entitled to damages in the amount of eighty nine thousand five hundred dollars ($89,500.00).

46. Plaintiffs are entitled to exemplary and punitive damages pursuant to O.C.G.A. 51-12-5.1 because Defendant acted with willful misconduct and conscious indifference to the consequences.

### COUNT III: GEORGIA FAIR BUSINESS PRACTICES ACT

47. Plaintiffs reallege and incorporate herein Paragraphs 1-46 above.

48. Defendant is engaged in the business of purchasing and flipping residential properties for sale to consumers.

49. Plaintiffs purchase of the home was a consumer transaction.

50. Defendant concealed a material defects in the Property in violation of the Georgia Fair Business Practices Act.

51. Defendant engaged in unfair and deceptive advertising regarding the condition of the Property in violation of the Georgia Fair Business Practices Act, but did not repair the rotten flooring and by intentionally covering up and concealing the rotten flooring in order to deceive Plaintiffs into purchasing the house.

52. Plaintiffs justifiably relied to their detriment upon the misrepresentation of the condition of the home, including of the floors and foundation.

53. Plaintiffs suffered an actual financial loss as a direct result of Defendant's violation of the Georgia Fair Business Practices Act.

54. Plaintiffs are entitled to damages in an amount to be proven at trial.

55. Plaintiffs are entitled to treble damages pursuant to the Georgia Fair Business Practices Act because Defendant's violating acts were intentional and willful. O.C.G.A. § 10-1-399.

56. Plaintiffs are entitled to attorney's fees because Defendant's violating acts were intentional and willful.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs specifically pray that

1. That legal process issue and be served upon the Defendant requiring him to answer within the time provided by law;

2. That his cause come on for hearing at the earliest time available upon the Court's docket;

3. That a jury of six (6) individuals be empaneled to try the issues when joined;

4.      That the Plaintiffs recover a judgment against the Defendant for damages in the amount of eighty nine thousand five hundred dollars ($89,500.00);

5.      The Court award treble damages pursuant to the Georgia Fair Business Practices Act (O.C.G.A. § 10-1-399);

6.      That the Plaintiffs be awarded punitive or exemplary damages in an amount appropriate to punish and deter Defendant; against the Defendant;

7.      The Court award attorney's fees and expenses pursuant to the Agreement and the Georgia Fair Business Practices Act (O.C.G.A. § 10-1-399);

8.      The Court award pre-judgment and post-judgment interest and all costs of court; and

9.      The Court award all other and further relief, both general and special, at law or in equity, to which Plaintiffs may be justly entitled.


Respectfully submitted,

BY:   /s/ Samantha A. Lunn

Joe E. Manuel (No. 006119)
JOE MANUEL, ATTORNEY AT LAW
240 Forest Avenue, Suite 301
Chattanooga, TN 37405
(423) 266-3535 – jem@joemanuel.com

Samantha A. Lunn (No. 030473)
LAW OFFICE OF SAMANTHA LUNN
P.O. Box 1413
Chattanooga, TN 37343
(423) 488-2108 - lunnesq@gmail.com

*Attorneys for Plaintiff*